UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) No. 3:23-CR-119 |
| v. | ) |
| | ) JUDGES CRYTZER/MCCOOK |
| COURTNEY LEIGH REECE | ) |

## PLEA AGREEMENT

The United States of America, by the United States Attorney for the Eastern District of Tennessee, and the defendant, Courtney Leigh Reece, and the defendant's attorneys, Donald A. Bosch and Ann C. Short, have agreed upon the following:

1. The defendant will plead guilty to Count Four of the Second Superseding Indictment, that is, straw purchase a firearm, in violation of 18 U.S.C. § 932(b)(1). The punishment for this offense is a term of imprisonment of up to fifteen (15) years, a term of supervised release of up to three (3) years, a fine of up to $250,000, any applicable forfeiture, and a $100 special assessment.

2. In consideration of the defendant's guilty plea, the United States agrees to move the Court at the time of sentencing to dismiss the remaining counts, Counts Three, Five, and Six, against the defendant in this indictment.

3. The defendant has read the indictment, discussed the charges and possible defenses with defense counsel, and understands the crimes charged. Specifically, the elements of the offense of straw purchase are as follows: (1) that the defendant knowingly purchased a firearm; (2) that the purchase of the firearm was in or otherwise affecting interstate commerce; (3) that the purchase of the firearm was made on behalf of, or at the request or demand of another person; and (4) that the defendant knew or had reasonable cause to believe that the person she was purchasing the firearm for was prohibited from possessing firearms.

4. In support of the defendant's guilty plea, the defendant agrees and stipulates to the following facts, which satisfy the offense elements. These are the facts submitted for purposes of the defendant's guilty plea. They do not necessarily constitute all of the facts in the case. Other facts may be relevant to sentencing. Both the defendant and the United States retain the right to present additional facts to the Court to ensure a fair and appropriate sentence in this case.

   a) In July 2023, co-defendant Brandon Reece was incarcerated at the Tennessee Department of Corrections (TDOC), Northeast Correctional Complex, within the Eastern District of Tennessee. On diverse dates between on or about July 6, 2023, and on or about July 14, 2023, the defendant, Courtney Reece, and Brandon Reece communicated on recorded jail phone calls about firearms. During a recorded conversation on July 7, 2023, the defendant discussed the style and type of firearm Brandon Reece would prefer. On July 14, 2023, the defendant purchased a Ruger SR1911 .45 caliber pistol (the "Ruger") from Crossroads Firearms in Knoxville, Tennessee. On July 31, 2023, Brandon Reece was released from TDOC custody.

   b) Brandon Reece was arrested in Knoxville, Tennessee on November 28, 2023, relative to a shooting in Knoxville and placed in custody at the Knox County Detention Center. On December 14, 2023, Brandon Reece made a recorded video jail call to the defendant in which they discussed the location of the Ruger. Brandon Reece told the defendant that he left the Ruger in a safe at his grandmother's house. Thereafter, ATF agents executed a search warrant at Brandon Reece's grandmother's home in the Eastern District of Tennessee and recovered the Ruger, a standard 7-round magazine, and 8 rounds of .45 caliber ammunition.

   c) At the time of the offense, Brandon Reece was a convicted felon within the meaning of 18 U.S.C. Section 922(d), a fact known to the defendant. The Ruger the defendant

2

purchased was manufactured outside the State of Tennessee and had thus traveled in interstate commerce.

        d)      The defendant agrees that she knowingly purchased the Ruger for Brandon Reece, knowing or having reasonable cause to believe that Brandon Reece was a convicted felon within the meaning of 18 U.S.C. Section 922(d).

        e)      At all times material to Count Four of the Second Superseding Indictment, 18 U.S.C. Section 932(b)(1), the defendant and Brandon Reece were legally married.

        f)      Pursuant to Rule 11(c)(1)(B) of the *Federal Rules of Criminal procedure,* the parties recommend the Court find that Level 14 is the appropriate Base Offense Level in accordance with U.S.S.G. 2K2.1(a)(6), and that Specific Offense Characteristics 2K2.1(b)(5)(B) and (b)(9) apply.

5.      The defendant is pleading guilty because the defendant is in fact guilty. The defendant understands that, by pleading guilty, the defendant is giving up several rights, including:

        a)      the right to plead not guilty;

        b)      the right to a speedy and public trial by jury;

        c)      the right to assistance of counsel at trial;

        d)      the right to be presumed innocent and to have the burden of proof placed on the United States to prove the defendant guilty beyond a reasonable doubt;

        e)      the right to confront and cross-examine witnesses against the defendant;

        f)      the right to testify on one's own behalf, to present evidence in opposition to the charges, and to compel the attendance of witnesses; and

        g)      the right not to testify and to have that choice not used against the defendant.

6. The parties agree that the appropriate disposition of this case would be the following as to each count:

    a) The Court may impose any lawful term(s) of imprisonment, any lawful fine(s), and any lawful term(s) of supervised release up to the statutory maximum(s);

    b) The Court will impose special assessment fees as required by law; and

    c) The Court may order forfeiture as applicable and restitution as appropriate.

No promises have been made by any representative of the United States to the defendant as to what the sentence will be in this case. Any estimates or predictions made to the defendant by defense counsel or any other person regarding any potential sentence in this case are not binding on the Court and may not be used as a basis to rescind this plea agreement or withdraw the defendant's guilty plea(s). The defendant understands that the sentence in this case will be determined by the Court after it receives the presentence investigation report from the United States Probation Office and any information presented by the parties. The defendant acknowledges that the sentencing determination will be based upon the entire scope of the defendant's criminal conduct, the defendant's criminal history, and pursuant to other factors and guidelines as set forth in the Sentencing Guidelines and the factors set forth in 18 U.S.C. § 3553.

7. Given the defendant's agreement to plead guilty, the United States will not oppose a two-level reduction for acceptance of responsibility under the provisions of Section 3E1.1(a) of the Sentencing Guidelines. Further, if the defendant's offense level is 16 or greater, and the defendant is awarded the two-level reduction pursuant to Section 3E1.1(a), the United States agrees to move, at or before the time of sentencing, the Court to decrease the offense level by one additional level pursuant to Section 3E1.1(b) of the Sentencing Guidelines. Should the defendant engage in any conduct or make any statements that are inconsistent with accepting responsibility for the

4

defendant's offense(s), including violations of conditions of release or the commission of any additional offense(s) prior to sentencing, the United States will be free to decline to make such motion, to withdraw that motion if already made, and to recommend to the Court that the defendant not receive any reduction for acceptance of responsibility under Section 3E1.1 of the Sentencing Guidelines.

8. The defendant agrees to pay the special assessment in this case prior to sentencing.

9. Financial Obligations. The defendant agrees to pay all fines and/or restitution to the Clerk of Court. The defendant also agrees that the full fine and/or restitution amount(s) shall be considered due and payable immediately. If the defendant cannot pay the full amount immediately and is placed in custody or under the supervision of the Probation Office at any time, the defendant agrees that the Bureau of Prisons and the Probation Office will have the authority to establish payment schedules to ensure payment of the fine and/or restitution. The defendant further agrees to cooperate fully in efforts to collect any financial obligation imposed by the Court by set-off of federal payments, execution on non-exempt property, and any other means the United States deems appropriate. The defendant and counsel also agree that the defendant may be contacted post-judgment regarding the collection of any financial obligation imposed by the Court without notifying the defendant's counsel and outside the presence of the defendant's counsel. In order to facilitate the collection of financial obligations to be imposed with this prosecution, the defendant agrees to disclose fully all assets in which the defendant has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party. In furtherance of this agreement, the defendant additionally agrees to the following specific terms and conditions:

5

a) If so requested by the United States, the defendant will promptly submit a completed financial statement to the U.S. Attorney's Office, in a form it provides and as it directs. The defendant promises that such financial statement and disclosures will be complete, accurate, and truthful.

b) The defendant expressly authorizes the U.S. Attorney's Office to obtain a credit report on the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

c) If so requested by the United States, the defendant will promptly execute authorizations on forms provided by the U.S. Attorney's Office to permit the U.S. Attorney's Office to obtain financial and tax records of the defendant.

10. The defendant acknowledges that the principal benefits to the United States of a plea agreement include the conservation of limited government resources and bringing a certain end to the case. Accordingly, in consideration of the concessions made by the United States in this agreement and as a further demonstration of the defendant's acceptance of responsibility for the offense(s) committed, the defendant voluntarily, knowingly, and intentionally agrees to the following:

a) The defendant will not file a direct appeal of the defendant's conviction(s) or sentence with one exception: The defendant retains the right to appeal a sentence imposed above the sentencing guideline range determined by the Court or above any mandatory minimum sentence deemed applicable by the Court, whichever is greater. The defendant also waives the right to appeal the Court's determination as to whether the defendant's sentence will be consecutive or partially concurrent to any other sentence.

b) The defendant will not file any motions or pleadings pursuant to 28 U.S.C. § 2255 or otherwise collaterally attack the defendant's conviction(s) or sentence, with two exceptions: The defendant retains the right to file a § 2255 motion as to (i) prosecutorial misconduct and (ii) ineffective assistance of counsel.

c) The defendant will not, whether directly or by a representative, request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. Section 552, or the Privacy Act of 1974, 5 U.S.C. Section 552a.

11. This plea agreement becomes effective once it is signed by the parties and is not contingent on the defendant's entry of a guilty plea. If the United States violates the terms of this plea agreement, the defendant will have the right to withdraw from this agreement. If the defendant violates the terms of this plea agreement in any way (including but not limited to failing to enter guilty plea(s) as agreed herein, moving to withdraw guilty plea(s) after entry, or by violating any court order or any local, state or federal law pending the resolution of this case), then the United States will have the right to void any or all parts of the agreement and may also enforce whatever parts of the agreement it chooses. In addition, the United States may prosecute the defendant for any and all federal crimes that the defendant committed related to this case, including any charges that were dismissed and any other charges which the United States agreed not to pursue. The defendant expressly waives any statute of limitations defense and any constitutional or speedy trial or double jeopardy defense to such a prosecution. The defendant also understands that a violation of this plea agreement by the defendant does not entitle the defendant to withdraw the defendant's guilty plea(s) in this case.

7

Case 3:23-cr-00119-KAC-JEM   Document 71   Filed 12/13/24   Page 7 of 8   PageID #: 185

12. The United States will file a supplement in this case, as required in every case by the Local Rules of the United States District Court for the Eastern District of Tennessee, even though there may or may not be any additional terms. If additional terms are included in the supplement, they are hereby fully incorporated herein.

13. This plea agreement and supplement constitute the full and complete agreement and understanding between the parties concerning the defendant's guilty plea to the above-referenced charge(s), and there are no other agreements, promises, undertakings, or understandings between the defendant and the United States. The parties understand and agree that the terms of this plea agreement can be modified only in writing signed by all of the parties and that any and all other promises, representations, and statements whether made before, contemporaneous with, or after this agreement, are null and void.

FRANCIS M. HAMILTON III
UNITED STATES ATTORNEY

12/13/2024
Date

By: _____
CAROLINE S. POORE
Assistant United States Attorney

12/13/24
Date

_____
COURTNEY LEIGH REECE
Defendant

12/13/24
Date

_____
DONALD A. BOSCH
Attorney for the Defendant

8